UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CR-20560-MARTINEZ/SANCHEZ

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

FILED BY ___mp___ D.C.

Dec 31, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

RODERICK VANDERBILT,

    Defendant
_____/

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

At various times material to this Information:

*Entities and Individuals*

1. Vinco Ventures, Inc. ("Vinco Ventures") was a publicly traded company with offices in Fairport, New York. Vinco's common stock traded on the NASDAQ exchange until in or around October 2023, after which it was delisted from the exchange and traded "over the counter." Vinco Ventures described itself as a selective acquisitions company focused on digital media and content technologies.

2. ZASH Global Media and Entertainment Corporation ("ZASH") was a privately held company with offices in Miami Beach, Florida.

3. ZVV Media Partners, LLC ("ZVV") was a joint venture between Vinco Ventures and ZASH that Vinco Ventures and ZASH used to acquire interests in other companies, including

Lomotif Private Limited ("Lomotif"), a Singapore-based video-sharing and live streaming social networking platform.

4. The U.S. Securities and Exchange Commission ("SEC"), was an agency within the executive branch of the federal government responsible for regulating the securities markets, including the issuance, marketing and trading of securities. Vinco Ventures securities were regulated by the SEC. Public companies, like Vinco Ventures, provided information to the SEC and investors by filing certain SEC Forms, such as the Form 8-K and Form DEF 14A, with the SEC using the agency's Electronic Data Gathering, Analysis, and Retrieval ("EDGAR") system. EDGAR was a database available to investors and the general public via the Internet.

5. Defendant **RODERICK VANDERBILT** co-founded ZASH with Coconspirator 1 and served as the President of ZASH until in or around March 2021 and the Business Development Manager of ZASH until October 2021. **VANDERBILT** served as the Chairman of the Board of Directors for Vinco Ventures beginning in or around October 2021 and the Executive Chairman beginning n or around December 2022.

6. Theodore Farnsworth was the Co-Founder and Chairman of ZASH and a Manager of ZVV, and briefly served as Chief Executive Officer of Vinco Ventures.

## COUNT 1
**Conspiracy to Commit Securities Fraud**
**(18 U.S.C. § 371)**

7. From at least in or around November 2020, and continuing through at least in or around September 2024, within the Southern District of Florida and elsewhere, the defendant,

**RODERICK VANDERBILT**,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Theodore Farnsworth, Coconspirator 1, and others known

and unknown to the United States Attorney, to knowingly and willfully, in connection with the purchase and sale of a security, that is, common stock issued by Vinco Ventures, by use of the means and instrumentalities of interstate commerce, and by use of the mails, directly and indirectly, use and employ, and cause others to use and employ, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.l0b-5, by: (a) employing, and causing others to employ, devices, schemes, and artifices to defraud; (b) making, and causing others to make, untrue statements of material fact and omitting to state, and causing others to omit to state, material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging, and causing others to engage, in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

**PURPOSE OF THE CONSPIRACY**

8. It was the purpose of the conspiracy for **RODERICK VANDERBILT**, Theodore Farnsworth, and their coconspirators to unjustly enrich themselves by: (i) making materially false and misleading representations to investors relating to the businesses and operations of Vinco Ventures in order to artificially increase the price of Vinco Ventures common stock and increase the volume of Vinco Ventures shares traded; (ii) concealing from investors the true facts relating to the businesses and operations of Vinco Ventures; (iii) diverting the proceeds of the conspiracy for their personal use and benefit; and (iv) concealing the conspiracy from regulators, law enforcement, investors, and the media.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which **RODERICK VANDERBILT**, Theodore Farnsworth,

and their coconspirators sought to accomplish the purpose of the conspiracy included, but were not limited to, the following:

9. To conceal the true nature of Theodore Farnsworth's role in, and actual control over, Vinco Ventures, Farnsworth selected individuals to serve as Vinco Ventures' officers and directors, including **RODERICK VANDERBILT**, with the understanding that those individuals would act at his direction.

10. To artificially inflate the price of Vinco Ventures common stock and increase the volume of Vinco Ventures shares traded, **RODERICK VANDERBILT**, Theodore Farnsworth, and their coconspirators made materially false and misleading representations about Vinco Ventures' business strategy, business operations, and Farnsworth's role in transactions.

11. In furtherance of the conspiracy, **RODERICK VANDERBILT**, Theodore Farnsworth, and their coconspirators made these materially false and misleading representations in press releases and SEC filings, all of which were intended to reach, and at times did in fact reach, investors and the general public throughout the United States, including within the Southern District of Florida, and elsewhere. **VANDERBILT**, Farnsworth, and their coconspirators drafted, reviewed, and/or approved the press releases and SEC filings.

## OVERT ACT

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one coconspirator committed and caused to be committed, in the Southern District of Florida and elsewhere, the following overt act, among others:

On or about April 7, 2023, Vinco Ventures filed a false and fraudulent form 10-Q, which was reviewed and approved by Theodore Farnsworth and signed by **RODERICK VANDERBILT**. This form was disseminated throughout the United States, including to investors in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RODERICK VANDERBILT**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
GLENN S. LEON
CHIEF
FRAUD SECTION, CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

By:

_____
KATE T. McCARTHY
LAUREN ARCHER
MATTHEW REILLY
TRIAL ATTORNEYS
FRAUD SECTION, CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Roderick Vanderbilt,

_____/
Defendant.

CASE NO.: 24-CR-20560-MARTINEZ/SANCHEZ

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) __No__
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I   ☒ 0 to 5 days                   ☐ Petty
   II  ☐ 6 to 10 days                  ☐ Minor
   III ☐ 11 to 20 days                 ☐ Misdemeanor
   IV  ☐ 21 to 60 days                 ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) __No__
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) __Yes__
   If yes, Judge David S. Leibowitz   Case No. 22-20521-CR-Leibowitz(s)
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) __No__
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) __No__
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__

By: _____
Kate T. McCarthy
DOJ Trial Attorney
SDFL Court ID No.  A5502801

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: RODERICK VANDERBILT

**Case No**: _____

Count #1

Conspiracy to Commit Securities Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the Gross Loss or Gross Gain

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  24-CR-20560-MARTINEZ/SANCHEZ |
| Roderick Vanderbilt, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

John Priovolos, Esq.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*