UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-20560-JEM

UNITED STATES OF AMERICA

v.

RODERICK VANDERBILT,

      **Defendant.**
_____/

## NOTICE OF RELATED ACTION AND
## UNOPPOSED MOTION TO TRANSFER CASE

The United States of America respectfully files this Notice of Related Action and Motion to Transfer the instant case to the same judge who is presiding over a previously filed, two-defendant related case in this District: *United States v. Theodore Farnsworth, et al.*, No. 22-20521-DSL; *see also* Local Rule 3.8 (Notice of Transfer of Refiled and Similar Actions and Procedures). This case, like the prior related case, concerns a fraudulent scheme concerning Vinco Ventures, Inc., a publicly traded company with offices in Fairport, New York that at one time traded on the NASDAQ. Given the factual overlap in the subject matter of these cases, that the two defendants are charged as co-conspirators in the same scheme, and the complexity of the investigation from which they arose, judicial economy militates in favor of a single judge continuing to preside over all Vinco Ventures-related cases. Moreover, the United States anticipates that additional charges will be brought as the investigation continues to progress, and that considerable judicial resources may be conserved if, going forward, a single judge continues to preside over all Vinco Ventures-related cases. Counsel for the defendant, John Priovolos, Esq., does not oppose the relief sought herein. For these and the additional reasons set forth below, the United States respectfully requests

that its motion be granted, and that the instant matter be transferred to United States District Justice David S. Leibowitz, who is presiding over the related case.

## ARGUMENT

Both criminal cases involving the Vinco Ventures matter filed to date involve a common nucleus of operative facts, individuals, legal issues, and conduct, including issues arising from the Vinco Ventures securities fraud scheme. In sum, the Department of Justice's investigation revealed that from at least in or around November 2020, and continuing through at least in or around September 2024, within the Southern District of Florida and elsewhere defendants Roderick Vanderbilt and Ted Farnsworth engaged in a conspiracy related to Vinco Ventures securities that victimized thousands of investors across the country. Accordingly, it stands to reason that the same judge should preside over these related matters.

In November 2022, a grand jury returned an indictment against Farnsworth and another defendant concerning securities and wire fraud schemes to defraud investors in Helios & Matheson. Inc. (HMNY), the parent company of MoviePass Inc. No. 22-20521-DSL, Dkt. 3 (Indictment). Then, in December 2024, the United States filed a superseding information against Farnsworth adding additional allegations concerning his conspiracy with Vanderbilt and others to engage in securities fraud related to Vinco Ventures. No. 22-20521-DSL, Dkt. 161 (Superseding Information, Count 2). On January 7, 2025, Farnsworth pled guilty to Count 2. *Id.*, Dkt 168. As alleged, it was the purpose of the conspiracy for Farnsworth and his coconspirators—Vanderbilt is an unnamed coconspirator in the Farnsworth superseding information—to unjustly enrich themselves by: (i) making materially false and misleading representations to investors relating to the businesses and operations of Vinco Ventures in order to artificially increase the price of Vinco Ventures common stock and increase the volume of Vinco Ventures shares traded; (ii) concealing

from investors the true facts relating to the businesses and operations of Vinco Ventures; (iii) diverting the proceeds of the conspiracy for their personal use and benefit; and (iv) concealing the conspiracy from regulators, law enforcement, investors, and the media. *Id.*

On December 31, 2024, the United States filed an information against Vanderbilt, charging him with one count of conspiracy. No. 24-cr-20560-JEM, Dkt. 1. In the Certificate of Trial Attorney, included with the information, the government indicated that the Vanderbilt case was related to *US v. Farnsworth*. *Id.* at p. 7. The information charges Vanderbilt with engaging as the same conspiracy as Farnsworth, and specifically names Farnsworth as a coconspirator. *Id.* ¶ 8. The information alleges that to conceal the true nature of Farnsworth's role in, and actual control over, Vinco Ventures, Farnsworth selected individuals to serve as Vinco Ventures' officers and directors, including Vanderbilt, with the understanding that those individuals would act at his direction. *Id.* ¶ 9. To artificially inflate the price of Vinco Ventures common stock and increase the volume of Vinco Ventures shares traded, Vanderbilt, Farnsworth, and their coconspirators made materially false and misleading representations about Vinco Ventures' business strategy, business operations, and Farnsworth's role in transactions. *Id.* ¶ 10. In furtherance of the conspiracy, Vanderbilt, Farnsworth, and their coconspirators made these materially false and misleading representations in press releases and SEC filings, all of which were intended to reach, and at times did in fact reach, investors and the general public throughout the United States, including within the Southern District of Florida, and elsewhere. *Id.* ¶ 11. Vanderbilt, Farnsworth, and their coconspirators drafted, reviewed, and/or approved the press releases and SEC filings. *Id.* Both the superseding information in Farnsworth's case and Vanderbilt's information charge the same overt act: on or about April 7, 2023, Vinco Ventures filed a false and fraudulent form 10-Q,

which was reviewed and approved by Farnsworth and signed by Vanderbilt, and disseminated throughout the United States, including to investors in the Southern District of Florida.

Vanderbilt has signed a plea agreement with the United States and the parties intend to ask the Court to schedule a change of plea hearing in the coming weeks.

While each defendant served a distinct role in the Vinco Ventures fraud, they were and have been charged as co-conspirators. There is large factual overlap in the subject matter that gave rise to these criminal cases; there is large overlap in the discovery in each of these cases; and there is an overlap in witnesses and victims. The United States anticipates that, as the investigation continues to progress, additional charges may be brought in the Southern District of Florida, and that any additional case will involve many of the same issues as the cases charged to date. Further, transferring the case will allow the same judge to sentence both co-conspirators and consider any overlapping issues that may arise in the defendants' sentencings.

## **CONCLUSION**

Accordingly, the United States respectfully moves to transfer this matter so that all both charged co-conspirators in the Vinco Ventures matter can be heard and sentenced by the same presiding judge. Counsel for the defendant, John Priovolos, Esq., does not oppose the relief sought herein.

Dated:  January 27, 2025                         Respectfully submitted,

GLENN S. LEON
CHIEF
FRAUD SECTION, CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

By:

/s/_____

        KATE T. McCARTHY
        LAUREN ARCHER
        MATTHEW REILLY
        TRIAL ATTORNEYS
        FRAUD SECTION, CRIMINAL DIVISION
        UNITED STATES DEPARTMENT OF JUSTICE
        matthew.reilly2@usdoj.gov
        United States Department of Justice
        Criminal Division, Fraud Section
        1400 New York Avenue, N.W.
        Washington, D.C. 20005
        Tel. (202) 320-8523